Tompkins, J.,
delivered the opinion of the Court.
This cause, at the April term of this Court, in 1824, was sent back to the Circuit Court of St. Charles county, the judgment of that Court being reversed. The Circuit Court permitted the verdict of the jury, found before the reversal of its judgment, to be amended, and entered up a new judgment, mme pro time, for the defendant in that Court, on the verdict so amended. The plaintiff moved the Court to enter up a judgment for himself, non obstante veredicto, which the Court refused to do. The finding of the jury is in these words: "that alter the recovery of the judgment, as *431 in the said second count of the plaintiff’s declaration is mentioned, and before the return of any execution thereof against the said Prospect K. Robbins, and whilst a writ of execution was in the hands of the Sheriff of said county, to wit, on the first day of April, 1821, the said Robbins offered and was going to surrender his body to said Sheriff in execution, according to the form and effect of said recognizance, and in discharge of his said bail, and the said Rufus Easton, in order to fix and charge the said bail, then and there fraudulently requested .the said Robbins not to surrender himself thereon, and assured him that his only object in talcing out execution, was to continue the same, so as to prevent the necessity of reviving the same judgment by sd.fa. to wit, at, &c.; by means of which said request and representations, the said Robbins was then and there prevented from surrendering himself as aforesaid, in manner and form as the said George hath above, in his said plea alledged.” In the opinion of the Court, the issue found is immaterial; and for the reasons, see the opinión of Judge M’Girk, delivered in this case, on the plea here found true, at the April term of 1824; the other members of this Court agreeing with him in opinion, it is not deemed necessary to say any thing more about this verdict. On the other points, made by the counsel of Collier, to wit, that the action was brought in the wrong county, and the discharge of Robbins, under the act passed for the benefit of insolvent debtors, the Court has not been induced by argument to depart from the decisions heretofore made, between the same parties, in this Court in similar cases. The case of Grove Coolc and Callaway, decided in this Court in October, 1825, is not in point. In that case, the land on which the trespasses were charged to have been committed was not described in any manner whatever, and by the statute, (see Geyer’s Digest, page 422,) the action must be brought (when before a Justice of the Peace) in the township where the defendant resides.
The judgment of the Circuit Court is reversed, and as this Court can see no reason why the cause should be sent back to the Circuit Court, it will enter up such judgment for the plaintiff, non obstante veredicto, as the Circuit Court ought to have entered.